

R. Marsil Johnson, GBA No. 13009
BLAIR STERLING JOHNSON & MARTINEZ, P.C.
238 Archbishop Flores St. Ste. 1008
Hagåtña, Guam, 96910
Ph. (671) 477-7857
F. (671) 472-4290
rmarsjohnson@bsjmlaw.com

Philip P. Mann, WSBA No: 28860 (*Pro Hac Vice Forthcoming*)
MANN LAW GROUP
1218 Third Avenue, Suite 1809
Seattle, Washington 98101
Ph. (206) 436-0900
F. (866) 341-5140
phil@mannlawgroup.com

*Attorneys for Plaintiff KwikSPACE Guam, Inc.*

IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| KWIKSPACE GUAM, INC.<br><br>Plaintiff,<br><br>v.<br><br>REACTION CO.<br><br>Defendant. | Cause No. 16-00079<br><br>COMPLAINT<br><br>DEMAND FOR JURY TRIAL |

Plaintiff KwikSPACE Guam, Inc. ("KwikSPACE") and as for its complaint against complains of Defendant Reaction Co. ("Reaction") alleges as follows:

### NATURE OF LAWSUIT

1. This is a claim for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.

2. This is also a claim for trade dress infringement and dilution, injury to business reputation, unfair competition, and false designation of origin arising under the Trademark Act of 1946, 15 U.S.C. §§ 1051 *et seq.* (2004)("Lanham Act").

3. Reaction is making, using, offering-for-sale, importing, renting, and/or offering-for-rent various modular structures made from cargo containers which infringe

KwikSPACE's various forms of intellectual property, misleading consumers, and are interfering with KwikSPACE's business practices.

## THE PARTIES

4. Plaintiff KwikSPACE is a Guam Corporation headquartered in Piti, Guam. KwikSPACE is engaged in the business of developing, manufacturing and selling, and renting-out modular, internationally-standardized ("ISO") buildings.

5. Upon information and belief, Defendant Reaction is a Guam corporation with a principal place of business at Bldg. 17-3311 Corsair Rd. Tiyan Barrigada, Guam 96921. Upon information and belief, Reaction is engaged in the business of making, using, importing, distributing, selling, and offering-for-sale and rental modular ISO buildings.

6. Upon information and belief, Reaction transacts business and has provided to customers in this judicial district and throughout the territory of Guam modular ISO buildings.

## JURISDICTION AND VENUE

7. This action arises under the patent laws of the United States, Title 25 of the United States Code. This Court's jurisdiction over this action is proper under the above statute under 35 U.S.C. § 271 *et seq.* and 15 U.S.C. § 1125(a). This Court has supplemental jurisdiction over the related state claims pursuant to 38 U.S.C. § 1367.

8. Venue is proper under 28 U.S.C. § 1391(b) and (c). Defendant has purposefully availed itself of the privilege of transacting extensive business in the territory of Guam. This Court has exclusive jurisdiction over the subject matter of the Complaint under 28 U.S.C. §§ 1338(a) and (b).

9. Personal Jurisdiction over the Defendant is proper in this Court. Venue in this judicial district is proper under 28 U.S.C. §§ 1391(b), (c) as well as 1400(b).

## BACKGROUND OF THE CONTROVERSY

10. KwikSPACE has offered a range of industrial services to customers in Guam and Micronesia since 1994. Among other services, KwikSPACE makes, sells, and rents-out modular ISO buildings to be used in a variety of applications.

11. Recognizing that the Pacific Islands receive a high number of shipping containers and that wind-resistant structures are essential yet costly, KwikSPACE set out to develop a way to convert these containers into affordable, customizable structures. While some customers were satisfied with only using one converted shipping container for certain uses, many others felt the need to have additional space, as well as the need for the structures to withstand harsh conditions.

12. Recognizing this long-felt need, KwikSPACE's vice president Mr. Peter Gill III and president Mr. Peter Gill ("the Gills") set out to develop a safe and effective means for attaching cargo containers lengthwise and outfitting the resulting "double-wide" structure into a variety of formats. Eventually, the Gills developed a means of fastening the cargo containers that also maintained their structural capacity to withstand most typhoons and earthquakes.

13. To protect his inventions and designs, and develop a business, the Gills set out obtain several United States patents.

14. **KwikSPACE is the owner by assignment of U.S. Design Patent No. D6803047 ("the '047 patent"), which issued May 21, 2013 and is attached to this Complaint as** Exhibit A. Representative Figures 1 and 2 of the '047 patent are excerpted and rotated below:




COMPLAINT - 3

15. KwikSPACE is the owner by assignment of U.S. Design Patent No. D727531 ("the '531 patent"), which issued on April 21, 2015 and is attached to this Complaint as **Exhibit B**. Representative Figures 1 and 2 of the '531 patent is excerpted and rotated below:



16. To further distinguish itself from competitors, since 1995, KwikSPACE has been using a distinctive beige/cream color scheme on all of its wind-rated ISO modular buildings. This unique and non-functional color identifies the origin of KwikSPACE's products to its consumers. Demonstrative photographs of KwikSPACE's distinctive and recognizable color scheme are excerpted below:




17. At least as early as August 2014, KwikSPACE began to publicly identify its intellectual property protection in news publications such as the *Marianas Variety newspaper*, as well as the Guam Contractor's Association's *Construction News Bulletin*. True and accurate copies of these articles are attached to this Complaint as **Exhibit C**. A *demonstrative advertisement from the September 2015 issue of the* Bulletin (Vol. 56, Issue 9) is reproduced below:

COMPLAINT - 4

> **KwikSPACE**
> **Engineered ISO Solutions®**
> Notice in Accordance to 35 U.S.C. § 287(a)
>
> **Intellectual Property Notice**
> The following U.S. Patents apply to KwikSPACE® products, including but not limited to:
>
> U.S. Pat. No. D683,047  U.S. Pat. No. 9,068,370  U.S. Pat. No. 8,839,574
> U.S. Pat. No. 8,769,893  U.S. Pat. No. D727,531  U.S. Pat. No. 9,003,716
> U.S. Pat. N  640,396
>
> Additional patents pending in the U.S. and elsewhere.
>
> **LEGAL NOTICE:**
> This notification is made available to you for the purpose of research and to provide our competitors with constructive notice. This notification may not be all-inclusive, but reflects accurate information as presented by this company. Information included in this notification does not preclude us from pursuing any and all legal rights we may have for the purpose of protecting those rights on our intellectual property.
>
> For questions please contact us at info@kwikspace.com | tel: 671-479-5945
>
> KwikSPACE Guam, Inc.
> 256 Rt. 1 Marine Corps Drive, Piti, Guam 96915

18. At least as early as 2015, Reaction has been making, using, selling, renting-out, offering-for-sale, and distributing in commerce wind-resistant ISO modular buildings bearing a cream color scheme, and exterior design, similar or identical in shade and/or design used by KwikSPACE. Such use of the patented designs and/or cream color scheme on wind-resistant ISO modular building by Reaction is likely to cause confusion as to the source of the wind-resistant ISO modular buildings by falsely suggesting to consumers that wind-resistant ISO modular buildings supplied by Reaction are sourced by KwikSPACE when, in fact, they are not.

19. On or about August 2015, KwikSPACE learned that Reaction had made, sold, offered for sale, rented, offered for rental, and/or used single-wide units ("Accused Single Units") that are substantially similar to the patented design shown in the '531 patent.

20. On or about September 2015, KwikSPACE learned that Reaction had made, sold, offered for sale, rented, offered for rental, and/or used double-wide units ("Accused Double Units") that are substantially similar to the patented design shown in the '047 patent.

//

//

//

COMPLAINT - 5

21. A demonstrative side-by-side comparison of KwikSPACE's protected trade dress is shown below, with Reaction's imitating trade dress shown on the right:

**KwikSPACE's Distinctive Trade Dress**            **Reaction's Imitation**

 

22. A demonstrative chart comparing KwikSPACE's distinctive trade dress with Reaction's infringing trade dress is attached as **Exhibit D.**

23. The products made, used, offered, sold, distributed, and/or rented-out by Reaction are not made, sold, or offered by KwikSPACE. Nor is Reaction associated or connected with KwikSPACE or licensed, authorized, sponsored, endorsed or approved by KwikSPACE in any way.

24. Upon present information and belief, many of the products made, used, offered, sold, distributed, and/or rented-out by Reaction do not have adequate footing to withstand strong typhoon winds, thereby endangering the users of these products and risking millions of dollars in damage.

25. On or about October 6, 2015 Defendant Reaction was notified via certified letter that its double unit and single unit wind resistant modular ISO buildings infringe the '047 patent and the '531 patent, respectively. In that letter, KwikSPACE demanded that Reaction cease and desist the use, sale, rental, and manufacture of its wind-resistant modular ISO buildings. A true and accurate copy of that letter is attached to this Complaint as **Exhibit E.**

26. Instances of actual confusion have already occurred and are likely to continue occurring unless use by Reaction of KwikSPACE's distinctive cream color scheme is enjoined by this Court.

27. On or about December 7, 2015 KwikSPACE received a call from a point of contact at the United States Marine Corps concerning a container unit that had a defective door knob and defective air conditioning unit. Upon prompt inspection, KwikSPACE learned that the unit was not KwikSPACE property and that it most likely belonged to Reaction. A true and accurate redacted copy of KwikSPACE's email correspondence with a representative from the United States Air Force regarding this event is attached as **Exhibit F.**

28. On or about late February 2016, KwikSPACE was notified by an individual working at Hangar 5 at Anderson Air Force Base ("AAFB") that one of the AAFB's cream-colored portable cargo units was leaking fuel from the generator. A KwikSPACE representative arrived at Hangar Five only to discover that the unit in question belonged to Reaction – not KwikSPACE.

29. On or about March 1, 2016, a KwikSPACE representative photographed the defective units in Hangar 5 in question as shown below:



COMPLAINT - 7



30. On or about August or September 2016, KwikSPACE was informed by the Guam Police Department that a confusingly similar, cream-colored portable cargo unit was dangerously close to striking a traffic light during transit. Upon information and belief, this unit actually belonged to, and/or was managed by, Reaction.

31. As a result of this careless transport by Reaction, KwikSPACE must now arrange for police escort services several days in advance of making any delivery. This has hindered KwikSPACE's ability to efficiently conduct its operations to this day.

32. On or about September 2, 2016 KwikSPACE again notified Reaction of its infringement of the '047 patent and the '531 patent. In this letter, KwikSPACE also notified Reaction that Reaction was unlawfully using KwikSPACE's protected trade dress. Namely, Reaction was notified that it must cease and desist its use of KwikSPACE's source-identifying cream color scheme, and confusingly similar patented designs, on its modular ISO buildings. A true and accurate copy of this correspondence is attached as **Exhibit G.**

33. As of the date of this filing, Reaction has not provided any substantive response to either the October 6, 2015 letter or the September 2, 2016 letter.

## COUNT I

### INFRINGEMENT OF THE '047 PATENT UNDER 35 U.S.C. § 271 et seq

34. KwikSPACE hereby repeats and incorporates by reference Paragraphs 1-32 above as if fully set forth herein.

COMPLAINT - 8

Case 1:16-cv-00079   Document 1   Filed 11/08/16   Page 8 of 12

35. A representative comparison chart demonstrating the substantial similarity between the patented design the '047 patent and Reaction's double-wide unit ("Accused Double Units") is attached as **Exhibit H** and excerpted below:

 

36. Reaction's infringement of the '047 patent has injured and will continue to injure KwikSPACE unless and until the Court enters an injunction prohibiting further infringement and, specifically, enjoining further sale, use or offer for sale of products that are substantially similar to the claimed design of the '047 patent.

37. Upon information and belief, Reaction's infringement of the '047 patent is believed to be willful in that Reaction was placed on actual notice of the '047 patent at least as early as October 15, 2015 but have taken no action to avoid continued infringement of the '047 patent.

## COUNT II
## INFRINGEMENT OF THE '531 PATENT UNDER 35 U.S.C. § 271 *et seq*

38. KwikSPACE hereby repeats and incorporates by reference Paragraphs 1-36 above as if fully set forth herein.

//

//

//

COMPLAINT - 9

39. A representative comparison chart demonstrating the substantial similarity between the patented design the '531 patent and Reaction's single-wide unit ("Accused Single Units") is attached as **Exhibit I** and excerpted below:



FIG. 1



40. Reaction's infringement of the '531 patent has injured and will continue to injure KwikSPACE unless and until the Court enters an injunction prohibiting further infringement and, specifically, enjoining further sale, use or offer for sale products that are substantially similar to the claimed design of the '531 patent.

41. Upon information and belief, Reaction's infringement of the '531 patent is believed to be willful in that Reaction was placed on actual notice of its infringement of '531 patent at least as early as October 15, 2015 but have taken no action to avoid continued infringement of the '531 patent.

## COUNT III

### False Designation of Origin 15 U.S.C. § 1125(a)

42. KwikSPACE hereby repeats and incorporates by reference Paragraphs 1-40 above as if fully set forth herein.

43. Reaction's use of confusingly similar imitations of KwikSPACE's beige/cream trade dress is likely to deceive, confuse, and mislead prospective purchasers and purchasers into believing that the cargo containers offered by Reaction originate from KwikSPACE, which they do not. This likelihood of confusion, mistake, and deception engendered by Reaction's misappropriation is causing irreparable harm to the goodwill built by

COMPLAINT - 10

KwikSPACE's trade dress and the reputation for quality that such trade dress embodies. This is harm is particularly damaging with respect to those persons who perceive a defect or lack of quality in Reaction's products.

44. Such willful actions on the part of Reaction and/or Reaction are in violation of 15 U.S.C. § 1125(a). Unless enjoined by this Court, Reaction's continued use of the cream color scheme adopted and created by KwikSPACE is likely to confuse the consuming public as to the source of KwikSPACE and Reaction's respective products and will result in harm to KwikSPACE.

## CLAIMS FOR RELIEF

45. WHEREFORE, KwikSPACE asks this Court to enter judgment against Defendant Reaction and against their subsidiaries, affiliates, agents, servants, employees and all persons in active concert or participation with them, granting the following relief:

    a) A declaration that Reaction has infringed the patents-in-suit as alleged above.

    b) That Reaction and its officers, agents, employees, and all those persons acting or attempting to act in active concert or in participation with them or acting on their behalf be immediately, preliminarily and permanently enjoined from further infringement of the patents-in-suit under 35 U.S.C. § 283;

    c) An award of damages adequate to compensate KwikSPACE for the infringement that has occurred, together with prejudgment interest from the date infringement began;

    d) An award of its profits under 35 U.S.C. § 289;

    e) An award of KwikSPACE's actual damages, including lost profits and/or a reasonable royalty, and increased or enhanced damages as permitted under 35 U.S.C. § 284;

    f) An award of increased damages as permitted under 35 U.S.C. § 284;

g) A declaration that this case is exceptional and an award to KwikSPACE of its attorneys' fees and costs as may be appropriate and as provided by 35 U.S.C. § 285;

h) That Reaction and its officers, agents, employees, and all those persons acting or attempting to act in active concert or in participation with them or acting on their behalf be immediately, preliminarily and permanently enjoined from further infringement of the patents-in-suit under 15 U.S.C. § 1116;

i) An award of Reaction's profits, KwikSPACE's actual damages it has sustained, and the costs of the action under 15 U.S.C. § 1117(a);

j) Trebled damages pursuant to 15 U.S.C. § 1117(b);

k) An award of interest, including prejudgment interest, on all damages; and

l) Such other and further relief as this Court or a jury may deem proper and just.

### JURY DEMAND

KwikSPACE demands a trial by jury on all issues presented in this Complaint.

Dated this 8th day of November, 2016.

Respectfully submitted,

_____
R. MARSIL JOHNSON
BLAIR STERLING & JOHNSON & MARTINEZ
A Professional Corporation
238 Archbishop Flores St. Ste. 1008
Hagåtña, Guam, 96910
Ph. (671) 477-7857
F. (671) 472-4290
rmarsjohnson@bsjmlaw.com

_____
PHILIP P. MANN, WSBA No: 28860 (Pro Hac Vice Forthcoming)
MANN LAW GROUP
1218 Third Avenue, Suite 1809
Seattle, Washington 98101
Ph. (206) 436-0900
F. (866) 341-5140
phil@mannlawgroup.com

*Attorneys for Plaintiff KwikSPACE Guam, Inc.*